UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
COURT FILE NO.: _____

---

| | |
|---|---|
| Daniel Romero, on behalf of himself and all others similarly situated, | |
| Plaintiff, | **CLASS ACTION COMPLAINT WITH JURY TRIAL DEMANDED** |
| v. | |
| Association Capital Resources, | |
| Defendant. | |

## PRELIMINARY STATEMENT

1. This is a consumer class action based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, (hereinafter "FDCPA").

2. The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

3. The term "debt" as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. 15 U.S.C. § 1692a(5).

4. The term "debt collector" as used in this Complaint means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly

1

collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. § 1681p.

6. Venue in this district is proper because Plaintiff resides here.

## PARTIES

7. Plaintiff Daniel Romero (hereinafter "Plaintiff") is a natural person and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), who resides in the City of Miami, County of Miami-Dade, State of Florida.

8. Defendant Association Capital Resources (hereinafter "Defendant") is debt collector as defined by 15 U.S.C. § 1692a(6) with its headquarters at 4209 Baymeadows Road, Suite 1, Jacksonville, FL 32217.

## THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF

9. On or around November 16, 2009, Plaintiff allegedly incurred a debt with Hammocks Community Association for alleged association assessments owed.

10. Plaintiff fell behind on payments and the debt subsequently went into default.

11. Sometime thereafter, Hammocks Community Association sold, consigned, placed or otherwise transferred Plaintiff's debt to Defendant for collection.

12. Defendant mailed a collection letter to Plaintiff, dated April 21, 2014 (hereafter, "the Letter"). The Letter is attached hereto as Exhibit A.

13. Upon information and belief, the Letter is Defendant's initial communication with Plaintiff.

14. The Letter did not disclose that any information obtained from Plaintiff would be used for the purpose of debt collection in violation of 15 U.S.C. § 1692e(11).

15. The Letter was printed on "Association Capital Recovery" letterhead.

16. Association Capital Recovery is a Florida Corporation that dissolved in 2007.

17. The FDCPA prohibits the use of any business name other than the true name of a business. Defendant's use of a dissolved business's letterhead falsely, deceptively, and misleadingly represented Defendant's business name, violating 15 U.S.C. § 1692e(14).

18. The Letter did not contain the statutorily mandated notices required by 15 U.S.C. § 1692g regarding Plaintiff's rights to have the debt validated and to dispute the debt.

19. Defendant additionally did not provide the statutorily mandated notices required by 15 U.S.C. § 1692g to Plaintiff within five (5) days of the Letter.

20. Defendant is therefore in violation of 15 U.S.C. § 1692g.

21. At all relevant times, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action individually and as a class action for Defendant's violation of sections 1692g and 1692e of the FDCPA, pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All Florida consumers to whom, within one year from the date of filing this Complaint (the "Class Period"), Defendant mailed a collection letter that was substantially similar to the Letter, Exhibit A, and was not returned as undelivered.

23. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, the estimated number of Class members is in excess of 100.

24. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The questions include, but are not limited to:

   a) Whether the Defendant violated section 1692g of the FDCPA by failing to provide the required notices;

   b) Whether the Defendant violated section 1692e of the FDCPA by using false, deceptive or misleading misrepresentations;

   c) The appropriate measure of damages sustained by Plaintiff and other members of the Class.

25. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

26. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue this claim.

27. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

28. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunction relief or corresponding declaratory relief with respect to the Class as a whole.

29. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages are limited to $1,000.00 under the FDCPA. Management of the Class claims is likely to present significantly fewer difficulties than those

presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

## COUNT ONE: VIOLATION OF THE FDCPA

### 15 U.S.C. §§ 1692g and 1692e

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. During the Class Period, Plaintiff and members of the Class were mailed collection letters by Defendant that failed to comply with the required notices provision of the FDCPA in violation of 15 U.S.C. § 1692g.

32. During the Class Period, Plaintiff and members of the Class were mailed collection letters by Defendant that made a false, deceptive, or misleading representations Plaintiff in violation of 15 U.S.C. § 1692e.

33. As a result of Defendant's violations of 15 U.S.C. §§ 1692g and 1692e, Plaintiffs and members of the Class are entitled to statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## JURY DEMAND

34. Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable. U.S. Const. Amend. VII; Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in favor of himself and the Class for the following relief:

a) An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;
b) Statutory damages for violation of the FDCPA per Class member pursuant to 15 U.S.C. §1692k(a)(2)(B);
c) Costs and reasonable attorneys' fees pursuant to 1692k(a)(3) of the FDCPA;
d) An order directing Defendant to hereafter send collection letters in compliance with the FDCPA; and
e) Such other and further relief as may be necessary, just and proper.

Dated this 27th day of August, 2014.

Respectfully submitted,

By: _____ FL BAR ID 59970

Mark L. Vavreck, Esq.
Attorney I.D. #: 0318619
MARTINEAU, GONKO & VAVRECK, PLLC
DESIGNERS GUILD BUILDING
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile: (612) 659-9220
mvavreck@mgvlawfirm.com

Thomas J. Lyons, Jr. Esq.
Attorney I.D. #0249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommycjc@aol.com

Andy R. Hernandez, Esq.
Attorney I.D. 059970
2828 Coral Way, Suite 206
Miami, FL 33145
Telephone: (305)-444-4407
andy@arhlegal.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF FLORIDA            )
                            ) ss.
COUNTY OF MIAMI-DADE        )

I, Daniel Romero, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Daniel Romero

Subscribed and sworn to before me
this day: August 5, 2014

_____
Notary Public

Mayvis Gonzalez
COMMISSION # EE 866266
EXPIRES: JAN. 21, 2017
WWW.AARONNOTARY.com

8





ASSOCIATION CAPITAL RECOVERY

DELINQUENT ASSESSMENT SOLUTIONS

April 21, 2014

**VIA U.S. MAIL**

DANIEL ROMERO
10451 SW 157 PLACE, # 101
MIAMI, FL 33196
ACR File No: 14-7161-278

Re:   Hammocks Community Association
      10451 SW 157 PLACE  MIAMI, FL 33196

### NOTICE OF ASSIGNMENT

Dear Sir or Madam:

The purpose of this letter is to inform you that Hammocks Community Association (the "Association") has assigned your account for delinquent assessments to Association Capital Resources ("ACR") for collection. Effectively immediately, all future payments for any monetary obligation due to the Association must be sent to **Association Capital Resources** at the following address:

Association Capital Resources
4209 Baymeadows Road, Suite 1
Jacksonville, FL  32217
1-888-925-0688

You may also make payment by phone or contact us with questions at 1-888-925-0688.

Please indicate your **Association Name** and **Unit Number** with payment. Any payments sent to the Association will cause delay in posting to your account and may result in interest and late fees being automatically assessed to your account.

This notice of assignment shall be effective until further notice to you in writing. Your cooperation is appreciated and required.

Sincerely,
Association Capital Resources



EXHIBIT A